IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SMITH, | : | Case No. 4:14-cv-00116 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| SUSQUEHANNA UNIVERSITY, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**
July 18, 2016

The undersigned has given full and independent consideration to the June 1, 2016 report and recommendation of Chief Magistrate Judge Martin C. Carlson[1] regarding Defendant's motion for summary judgment.[2] After Chief Magistrate Judge Carlson issued his report and recommendation, the Plaintiff filed objections to the same.[3] Defendants filed a brief in opposition to the Plaintiff's objections.[4]

When objections are filed to the report and recommendation of a magistrate judge, the district court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are

---

[1] ECF No. 52.
[2] ECF No. 46.
[3] ECF No. 53.
[4] ECF No. 54.

made."[5] The court may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations.[6] Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.[7]

Here, Plaintiff makes the following objections to the report and recommendation: 1) the report is based upon fact-finding ignoring Plaintiff's version of the facts; 2) Chief Magistrate Judge Carlson erred in finding that there was no state action; 3) the search was not in accordance with the student handbook; 4) Chief Magistrate Judge Carlson erred in finding that the Defendants were entitled to qualified immunity because a) the Common Pleas suppression ruling was not a final judgment, and b) probable cause and qualified immunity are fact dependent inquiries.

Regarding the Plaintiff's first, second, and third objections, the testimony and evidence support the rendition of the facts as stated in the Report and Recommendation. It is well-settled that at the summary judgment stage, the Court must look, not only to the Plaintiff's pleadings (as it would be required to do if the motion at issue were a motion to dismiss) but to <u>all</u> of the evidence provided to the

---

[5] 28 U.S.C. § 636(b)(1)(C); *United States v Raddatz,* 447 U.S. 667, 674-75 (1980).
[6] *Id.*
[7] *Raddatz*, 447 U.S. at 675; *see also Mathews v Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Court.[8] This Court has reviewed the record *de novo* and agrees with Chief Magistrate Judge Carlson's thorough findings and recommendations. Consequently, I decline to rehash the sound reasoning of the Chief Magistrate Judge regarding the factual narrative delineated.

Plaintiff's fourth objection concerns a qualified immunity recommendation. I also find that Defendants are entitled to qualified immunity. As the Defendants correctly point out, the United States Court of Appeals for the Third Circuit has held that "the denial of a suppression motion followed by a conviction is a final judgment for collateral estoppel purposes."[9] As such, Chief Magistrate Judge Carlson did not err in relying on the holding of the Court of Common Pleas of Snyder County.[10]

Similarly, while Plaintiff cites *Deary v. Three Un-Named Police Officers*[11] in support of his contention that probable cause and qualified immunity are fact dependent inquiries, that case is easily distinguished from the matter at hand in that the *Deary* plaintiff was actually arrested by police officers. Here, this Court finds, in accordance with the report and recommendation, that the Plaintiff was not arrested and that the Defendants' search of Plaintiff's dorm room did not constitute state action.

---

[8] Fed. R. Civ. P. 56(c)(1).
[9] *Ingram v. Lupas*, 353 Fed. Appx. 674 (3d Cir. 2009) (*citing Shaffer v. Smith,* 673 A.2d 872 (Pa. 1996)).
[10] This Court also notes that an objections brief to a Report and Recommendation is not the appropriate vehicle for Plaintiff to challenge the "objectivity" of Snyder County Court of Common Pleas Judge Michael T. Hudock.
[11] 746 F.2d 185 (3d Cir. 1984).


Accordingly, this Court will adopt the Report and Recommendation in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Chief Magistrate Judge Carlson's June 1, 2016 Report and Recommendation is ADOPTED in full.[12]

2. Defendants' Motion for Summary Judgment is GRANTED in its entirety.[13]

3. The Clerk is directed to enter final judgment in favor of Defendants and against Plaintiff and to close the case file.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[12] ECF No. 52.
[13] ECF No. 46.